```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                    :
OLIFANT FUND, LTD.                  :
                                    :   10 CV 9587 (TPG)
              Plaintiffs,           :
                                    :
       v.                           :
                                    :   Opinion
THE REPUBLIC OF ARGENTINA           :
                                    :
              Defendant.            :
                                    :
-----------------------------------x
```

Plaintiff Olifant Fund, Ltd. ("Olifant") is the beneficial owner of certain bond indebtedness issued by defendant, the Republic of Argentina (the "Republic"), on which the Republic defaulted in December 2001. Plaintiff now moves for partial summary judgment for principal and interest due on the bonds.

The motion for partial summary judgment is granted.

## Background

The bond indebtedness at issue is governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"). The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in <u>Lightwater Corp. Ltd. v. Republic of Argentina</u>, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a

moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs, "each holder of Securities and such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately."

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The Court refers to its previous opinions for a description of the circumstances of these defaults. Lightwater, 2003 WL 1878420, at *2; Applestein v. Republic of Argentina, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

Plaintiff's Floating Rate Accrual Notes matured on April 10, 2005, at which time the entire principal amount and all accrued and unpaid interest thereon became due and payable. The bonds that are the subject of this action, and the amount in which Plaintiff has a beneficial interest, are listed in the following tables.

2

| **Table 1** ||
|---|---|
| **Plaintiff and Beneficial Owner:** | Olifant Fund, Ltd. |
| **Face Value:** | U.S. $5,000,000 |
| **CUSIP No.** | 040114AX8 |
| **ISIN No.** | US040114AX83 |
| **Date of Issuance:** | April 13, 1998 |
| **Date of Maturity:** | April 10, 2005 |
| **Interest Rate Payable:** | Floating Rate |
| **Contract Document:** | Fiscal Agency Agreement dated October 19, 1994 |
| **Evidence of Ownership Proffered:** | Excerpt from a Citigroup Global Markets, Inc. account statement for Olifant Fund, Ltd., dated January 25, 2012 |

## Discussion

This court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA. See Mazzini v. Republic of Argentina, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005). Only certain issues need to be discussed in connection with the present motion.

In two opinions, Fontana v. Republic of Argentina, 415 F.3d 238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d 242 (2d Cir. 2005), the Second Circuit held that an owner of a beneficial interest, such as plaintiff in the instant case, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the Court makes a finding of current ownership. See Transcript, March 28, 2006, Cilli v. Republic of Argentina (04 Civ. 6594).

Here, Plaintiff has adequately demonstrated through account statements from Citigroup Global Markets, Inc. that it had a beneficial interest in the bonds as of January 25, 2012. There is no evidence of any change of ownership thereafter.

## Conclusion

The Motion for Partial Summary Judgment For Principal and Interest Due is granted. Judgment will be entered for the principal amounts of the bonds plus accrued interest.

The parties shall consult with one another concerning the form of the judgment and the amount of interest that should be awarded in the judgment. If the parties are able to reach agreement on that subject, they shall jointly submit an agreed proposed judgment to the Court. If the parties are unable to reach agreement on that subject, Plaintiff shall submit a proposed judgment to the Court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter. The Court will then resolve any remaining disagreements. The proposed judgment submitted to the Court should include the following language: "It is further ORDERED that, until further notice from the Court, Plaintiff must refrain from selling or otherwise transferring their beneficial interest in the bonds involved in this action without advising the Court in advance and obtaining permission of the Court."

This opinion resolves the motion listed as document number 12 in this case.

SO ORDERED.

Dated: New York, New York
April 11, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/12

_____
THOMAS P. GRIESA
U.S.D.J.

4