

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**ROBERT A. COHEN**

robert.cohen@dechert.com
+1 212 698 3501 Direct
+1 212 314 0001 Fax

**Via E-mail**

August 20, 2014

The Honorable Thomas P. Griesa
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl St., Room 1630
New York, NY 10007-1312

Re: *NML Capital, Ltd. v. The Republic of Argentina*, 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG);
*Aurelius Capital Master Fund, et al v. Republic of Argentina*, 09 Civ. 8757 (TPG) 09 Civ. 10620 (TPG);
*Aurelius Opportunities Fund II, et al v. Republic of Argentina*, 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG);
*Blue Angel Capital I LLC*, 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG);
*Olifant Fund, Ltd. v. Republic of Argentina*, 10 Civ. 9587 (TPG);
*Varela, et al v. The Republic of Argentina,* 10 CV 5338 (TPG)

Dear Judge Griesa,

I write on behalf of all Plaintiffs in the above-captioned cases to bring to the Court's attention further disturbing developments in Argentina's efforts to evade this Court's pari passu injunctions, also known as the Amended February 23, 2012 Orders. As explained below, Argentine President Cristina Fernandez de Kirchner announced on Tuesday that Argentina will enact legislation to change the manner in which it makes payments on the Exchange Bonds, such that Bank of New York Mellon ("BNY") would be removed as trustee for certain Exchange Bonds and all Exchange Bonds would be paid from a single account in Argentina, through a financial institution that Argentina controls. The express purpose of these maneuvers is to render this Court's orders a nullity. These actions unquestionably violate the anti-evasion portions of the Amended February 23, 2012 Orders. In light of the urgency of this matter, Plaintiffs respectfully request that the Court hold an emergency hearing to address Argentina's violation and whether this Court should hold Argentina in contempt of court.

As the Court is aware, shortly after the Second Circuit re-affirmed the Amended February 23 Orders, the President of Argentina gave a nationally televised address in which she announced a



US Austin Boston Charlotte Hartford Los Angeles New York Orange County Philadelphia Princeton San Francisco Silicon Valley Washington DC EUROPE Brussels Dublin Frankfurt London Luxembourg Moscow Munich Paris ASIA Beijing Hong Kong





plan to allow holders of Exchange Bonds to replace those instruments with bonds payable in Argentina, in order to evade the Amended February 23 Orders. In response, this Court entered an order on October 3, 2013, declaring that such a plan (or any "reasonably similar" plan) would violate the Court's anti-evasion orders. In June of this year, immediately after the Supreme Court denied Argentina's certiorari petition, Argentina's Economy Minister Axel Kicillof proposed a plan "to carry out a debt exchange to pay the Exchange Bondholders in Argentina under Argentine law." This Court made clear in an order entered on June 20, 2014, that Argentina's proposal was made "in violation of the rulings and procedures now in place" and that "Argentina is prohibited from carrying out the proposal." A few days later, Argentina again violated this Court's pari passu injunctions by initiating a payment on its Exchange Bonds without making the required Ratable Payment to Plaintiffs. Argentina was prevented from completing this unlawful payment only because third-parties that process Argentina's payments under the Exchange Bonds declined to participate in Argentina's illegal actions. For example, BNY, which is indenture trustee for certain Exchange Bonds, declined to transmit the funds on to Exchange Bondholders. This Court made clear "that to conclude the payment would be a violation of the existing orders."

Argentina now has declared to the world that it is carrying out Minister Kicillof's prohibited plan in order to remove the third parties that have complied with the Court's orders entirely from the Exchange Bond payment chain. In a nationwide address on August 19, 2014, President Kirchner announced that her government would submit legislation to the Argentine Congress to allow all Exchange Bondholders to swap their non-Argentine Law Exchange Bonds for new bonds with "identical financial terms and conditions, and for the same nominal value as those of the [Exchange] Bonds" governed by Argentine law and payable in Argentina. *See* Ken Parks & Taos Turner, *Argentina Moves to Pay Exchange Bondholders in Argentina*, Wall St. J. (Aug. 20, 2014) (attached as Exhibit A); Charlie Devereux, Camila Russo and Katia Porzecanski, *Argentine Bonds Fall on Fernandez Plan to Offer Local-Law Swap*, Bloomberg (Aug. 20, 2014) (attached as Exhibit B). Plaintiffs will provide the Court with a certified translation of President Kirchner's speech as soon as one becomes available. The proposed legislation is attached as Exhibit C, with a certified translation. And in a speech this morning, Argentina's Minister of Economy Axel Kicillof confirmed that the proposed legislation will seek to enable holders of Exchange Bonds to swap their bonds for new bonds that utilize only Argentine institutions to facilitate payments. *See* Buenos Aries Herald, *Kicillof Warns "No Change of Payment Jurisdiction"* (Aug. 20, 2014) (attached as Exhibit D). Plaintiffs will provide a certified translation of Minister Kicillof's statement as soon as one becomes available.[1]

---

[1] Minister Kicillof's speech also included a number of statements that directly flouted this Court's warning in the hearing of August 8, 2014, that Argentina should not make further false and misleading statements about the nature of its obligations. For example, Minister Kicillof said that this Court's rulings "puts [Argentina] in a situation of difficulty, to continue honoring (the country's)

*(Cont'd on next page)*





This plan makes no pretense that Argentina will honor its obligations under Plaintiffs' bonds. Instead, the proposed legislation would (once again) offer Plaintiffs the same stingy terms that Argentina offered—and Plaintiffs declined—in 2005 and 2010. The proposed legislation would also change the existing payment mechanism on the Exchange Bonds by removing BNY as the Exchange Bonds' indenture trustee, and putting in BNY's place Nacion Fideicomisos S.A., an affiliate of the Argentine Government's wholly-owned bank, Banco de la Nacion Argentina ("BNA"). In other words, Argentina's announced plan would replace BNY—a financial institution that has refused to participate in Argentina's violations of the injunctions—with Argentina's puppet bank that will presumably forward Argentina's illegal Exchange Bond payments without hesitation. Were there any doubts as to Argentina's contumacious motives, the text of the proposed legislation states that the exchange was announced because of "orders issued by the Southern District Court of the City of New York in the cause NML Capital Ltd. et al. v. Republic of Argentina, which are impossible to carry out [payment on the Exchange Bonds] as written and violated both the sovereignty and the immunity of the Argentine Republic."

By announcing a plan to change the manner in which it makes payments on the Exchange Bonds without this Court's consent, Argentina unquestionably has violated the anti-evasion provision of the pari passu injunctions, which prohibits "taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court." Indeed, Argentina's proposed exchange appears to be the *same exact* plan that this Court declared on June 20 violated the injunctions and that the Court ordered Argentina not to carry out.

This is grave affront to this Court's orders. If successful, Argentina's proposed exchange would gut this Court's injunctions by replacing financial institutions such as BNY that have refused to participate in Argentina's violations of the injunctions, with Argentina's patsies that have no interest in abiding by this Court's rulings. As this Court wrote when it entered the Amended February 23 Order, "[i]t goes without saying that if Argentina is able to make the payments on the Exchange Bonds without making the payments to plaintiffs, the District Court and Court of Appeals' rulings and the Injunctions will be entirely for naught." Unfortunately, Argentina's proposal would do just that.

---

*(Cont'd from previous page)*

commitments," without any acknowledgment of Argentina's equally valid "commitments" under Plaintiffs bonds. *See* Exhibit D.





Argentina's latest provocation requires this Court's intervention. Plaintiffs respectfully request that the Court schedule an emergency hearing as soon as possible to address Argentina's flagrant violations of this Court's orders and to consider whether Argentina should be held in contempt and, if so, what sanctions should be imposed.

Respectfully submitted,

Robert A. Cohen / dkh

Robert A. Cohen

cc: (via email)
Carmine D. Boccuzzi, Esq.
Jonathan I. Blackman, Esq.